UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS GABRIEL MARTINEZ
SANTANDER,

      Petitioner,

v.

WARDEN MATTHEW MORDANT,
SECRETARY KRISTI NOEM,
TODD LYONS, US ATTORNEY
GENERAL PAM J. BONDI,

      Respondents.

Case No. 2:26-cv-164-KCD-NPM

## ORDER

Petitioner Carlos Gabriel Martinez Santander has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) He claims that the Government wrongfully classified him as an "applicant for admission" under 8 U.S.C. § 1225(b)(2), resulting in his mandatory detention. As for relief, he seeks immediate release from custody or, alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 1 at 20.)

Since filing the petition, an immigration judge granted Santander a $3500 bond; he waived his right to appeal that order, posted the bond, and walked out the door. (Doc. 8-1.) Given these developments, the Government argues that the case is now moot and can be dismissed. (Doc. 8.) Santander opposes dismissal, arguing that because ICE imposed conditions on his

release, including an ankle monitor and mandatory in-person reporting, he is still effectively in custody. (Doc. 10.) The Court agrees with the Government, and here is why.

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Santander filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1 at 20.) Now, he has had a bond hearing, and he is out. The challenge to his initial, physical detention is therefore moot.

Santander tries to save his case by shifting his focus from the jail cell to the ankle monitor. He says the continuous GPS tracking and mandatory check-ins are unfair and unauthorized by the immigration judge, and he asks this Court to either modify them or release him unconditionally. (Doc. 10 at 1-2.)

It is true that an ankle monitor is a severe annoyance, and in some contexts, may operate as a significant restraint on liberty that triggers habeas jurisdiction. *See Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997). But that fact does not also grant this Court power to review and revise the immigration judge's bond determination. We simply do not have the statutory authority to act as a super-appellate body over the

discretionary conditions of release that ICE imposes on noncitizens. *See Aham v. Gartland*, No. 5:19-CV-46, 2020 WL 806929, at *3 (S.D. Ga. Jan. 29, 2020). At most, a federal court *might* have jurisdiction to entertain constitutional challenges to the specific conditions of a noncitizen's release. *See, e.g., J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1350 (M.D. Ga. 2020). But Santander raises no such claims here—indeed, he couldn't because his bond post-dates the habeas petition.

And that points to a deeper procedural flaw. A petitioner cannot use a response brief to smuggle in brand-new claims after his original grievance has been resolved. Santander's initial petition asked for release or an individualized bond hearing. He got the hearing, posted the bond, and walked out of the facility. The underlying claims in his petition are therefore fully extinguished. To the extent he now wants to wage a new battle against the continuous GPS monitor and mandatory reporting requirements ICE later imposed, he cannot simply drop those grievances into a response brief. That is not how federal litigation works. A brief is not a vehicle for reinventing a lawsuit once the Government has already shown the original claims are moot. *See Manson v. Wells Fargo Bank, N.A.*, No. 5:25-CV-293 (MTT), 2025 WL 3618833, at *2 (M.D. Ga. Dec. 12, 2025).

Santander brought this case to contest his physical detention. He is now out, leaving the petition moot. While Santander dislikes the conditions of

3

his release, he has not presented a legal theory that gives this Court the power to strip away his ankle monitor in the posture of this case. Accordingly, the Government's Motion to Dismiss (Doc. 8) is **GRANTED**. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court is directed to enter judgment, terminate any pending motions, and **CLOSE** this case.

**ORDERED** in Fort Myers, Florida on March 11, 2026.

Kyle C. Dudek
United States District Judge